**FREEMAN MATHIS & GARY, LLP**
PAUL A. BIGLEY / Bar No. 119462
pbigley@fmglaw.com
JASON C. DINEROS / Bar No. 285880
Jason.Dineros@fmglaw.com
KELLY M. HAAS / Bar No. 353290
Kelly.Haas@fmglaw.com
550 South Hope Street, Suite 2200
Los Angeles, California 90071-2627
Telephone:(213) 615-7000
Facsimile: (833) 264-2083

Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITRA MIRAGE<br>         Plaintiff,<br><br>     vs.<br><br>COSTCO WHOLESALE<br>CORPORATION and DOES 1 to 50,<br>inclusive<br><br>        Defendants. | Case No.<br><br>[Removed from Los Angeles Co. Sup. Court, West Covina Courthouse, Case No. 25PSCV00834]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE

CORPORATION, by and through counsel, hereby removes the above-captioned

action from the Superior Court of the State of California, in and for the County of

Los Angeles, to the United States District Court for the Central District of California.

Removal is warranted under 28 U.S.C. §1441(b) because this is a civil action

over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, on the

grounds that complete diversity exists between Plaintiff MITRA MIRAGE (herein

after, "Plaintiff") and Defendant COSTCO WHOLESALE CORPORATION (hereinafter, "Costco"), and the amount in controversy exceeds the sum of $75,000.

## STATEMENT OF FACTS

On or about March 10, 2025, Plaintiff filed a Complaint against Costco in the Superior Court of California for Los Angeles County entitled *Mitra Mirage v. Costco Wholesale Corporation,* Case No. 5PSCV00834 (hereinafter, the "State Court Action"). See Plaintiff's Complaint, Request for Judicial Notice ["RFJN"] No. 1. The Complaint asserts causes of action for premises liability and negligence based on Plaintiff's allegation that on or about November 27, 2023, he slipped and fell while near the Food Couty at the Costco warehouse located at 520 North Lonehill Ave., San Dimas, California. RFJN No. 1.

Plaintiff served her Complaint on Costco on March 28, 2025. Declaration of Kelly M. Haas. ["Haas Dec."] at ¶ 3. Plaintiff's Complaint did not allege a specific dollar amount for damages, but rather stated that Plaintiff prays for compensatory damages and that Plaintiff allegedly suffered wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, and future medical expenses. Haas Dec. at ¶ 4. Costco filed its Answer and Demand for Jury Trial to the State Court Action on April 25, 2025. RFJN No. 2.

On April 25, 2025, Costco also served via email to Plaintiff a Request for a Statement of Damages; Form Interrogatories, Set One; Special Interrogatories, Set One; Requests for Admissions, Set One; and Requests for Production of Documents, Set One. Haas Dec. at ¶ 5.

On April 29, 2025, Plaintiff served via email her Statement of Damages. Haas Dec. at ¶ 6. Plaintiff's Statement of Damages advised that Plaintiff seeks the following damages: (1) $500,000.00 for pain, suffering, and inconvenience; (2) $500,000.00 for emotional distress; (3) $11,280.00 for medical expenses to date; (4) $150,000.00 for the present value of future medical expenses; (5) $250,000.00 for vocational rehabilitation/re-education; (6) unknown damages amount for loss of

Freeman Mathis
& Gary, LLP
Attorneys at Law

earnings to date; and (7) unknown damages amount for loss of future earning capacity to date. Id.  Thus, Plaintiff's Statement of Damages seeks damages in excess of $75,000.

On May 7, 2025, Plaintiff served via email her responses to Costco's Requests for Admission, Set One. Haas Dec. at ¶ 7.  Costco's Request for Admission No. 12 requests Plaintiff admit that her damages exceed $75,000.  Id.  In response, Plaintiff admitted that her damages exceed $75,000. Id.

On May 21, 2025, Plaintiff served via email her responses to Costco's Form Interrogatories, Set One; Special Interrogatories, Set One; and Requests for Production of Documents, Set One. Haas Dec. at ¶ 8.  Plaintiff verified in her responses to Costco's Form Interrogatories, Set One, that she currently resides at 2574 Bowdoin Street, La Verne, California, 91750, and that she has resided in La Verne, California for forty-five (45) years. Id.

Thus, Plaintiff is a resident of the County of Los Angeles in the State of California.  Costco is a corporation incorporated in the State of Washington and with its principal place of business in the State of Washington.  See Costco's Amended and Restated Articles of Incorporation, RFJN No. 3.

## GROUNDS FOR REMOVAL BASED ON DIVERSITY JURISDICTION

This action involves parties who are citizens of different states and the amount in controversy exceeds $75,000.  Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and Costco has the right to remove this matter to this Court pursuant to 28 U.S.C. § 1441(b).

**A.    Complete Diversity of Citizenship as to Plaintiff and Costco**

Plaintiff and Costco are citizens of different states.  Thus, complete diversity of citizenship exists.  On May 21, 2025, Plaintiff verified in her responses to Costco's Form Interrogatories that she resides in La Verne which is located it Los Angeles County, in the State of California.  Plaintiff is therefore a citizen of California.  Costco is a citizen of the State of Washington.  Costco is a corporation

Freeman Mathis
& Gary, LLP
Attorneys at Law

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL

formed and incorporated under the laws of the State of Washington.  RFJN No. 3. Moreover, Costco is headquartered and maintains its principal place of business at 999 Lake Drive, Issaquah, Washington 98207.  Id. at "Page 4," Article X.

**B**.    **The Presence of Doe Defendants 1-50 Does Not Defeat Diversity**

Removal is proper despite the presence of Doe defendants 1-50.  RFJN No. 1. Fictitiously named defendants are not considered for the purposes of determining whether complete diversity exists.  28 U.S.C. § 1441(b)(1). The Ninth Circuit has interpreted the meaning of 28 U.S.C. § 1441(b)(1) to be "obvious," fictitiously named defendants do no not defeat diversity jurisdiction. See Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir. 1989). ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction.")  The citizenship of fictitious defendants, "…is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002). Thus, the presence of Doe defendants 1-50 do not defeat diversity.

**C.**    **Amount in Controversy**

The amount in controversy in this action exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332(a) in order to invoke diversity jurisdiction.  The Supreme Court has held that the party seeking removal, "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).  The calculation of the amount in controversy takes into account claims for general damages, special damages, punitive damages, and attorney's fees recoverable by statute or contract.  Patel v. Nike Retail Servs., Inc., 58 F. Supp. 3d 1032, 1037 (N.D. Cal. 2014).

Here, Plaintiff expressly alleges in her Statement of Damages that her damages amount to:  (1) $500,000.00 for pain, suffering, and inconvenience; (2) $500,000.00 for emotional distress; (3) $11,280.00 for medical expenses to date; (4) $150,000.00

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL

for the present value of future medical expenses; (5) $250,000.00 for vocational rehabilitation/re-education; (6) unknown damages amount for loss of earnings to date; and (7) unknown damages amount for loss of future earning capacity to date. Haas Dec. at ¶ 6. The total of Plaintiff's stated damages exceeds the $75,000 minimum threshold for diversity jurisdiction. Further, Plaintiff admits that her alleged damages exceed $75,000. Haas Dec. at ¶ 7.

### TIMELINESS OF REMOVAL

Plaintiff initiated this action on March 10, 2025. Costco was then served with Plaintiff's Statement of Damages on April 29, 2025. Costco was then served Plaintiff's responses to Costco's Form Interrogatories which verified Plaintiff's residence on May 21, 2025. Under either 28 U.S.C. § 1446 (b)(2)(B) [removal is timely if filed within thirty (30) days of the service of the Complaint], or 28 U.S.C. § 1446 (b)(3) [removal is timely within thirty (30) days of when the case first becomes removable], removal is timely.

### VENUE

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action was commenced.

### NOTICE TO PLAINTIFF

Costco's Notice to State Court and Adverse Parties of Removal shall be promptly filed in the State Court Action and served on Plaintiffs' counsel. Hass Dec. at ¶ 9.

### DEMAND FOR JURY TRIAL

Costco hereby demands a jury trial of twelve jurors pursuant to Fed. Rule Civ. Proc. 48.

///

///

///

**Freeman Mathis & Gary, LLP**
Attorneys at Law

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL

WHEREFORE, Costco prays that the above-entitled action, currently pending in the Los Angeles County Superior Court, be removed to the United States District Court for the Central District of California, and that this action proceed in this Court as an action properly removed there.

Dated:  May 29, 2025

**FREEMAN MATHIS & GARY, LLP**

By: _____
PAUL A. BIGLEY
JASON C. DINEROS
KELLY M. HAAS
Attorneys for Defendant,
COSTCO WHOLESALE
CORPORATION

Freeman Mathis
& Gary, LLP
Attorneys at Law

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

 I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 550 S. Hope Street, 22nd Floor, Los Angeles, California 90071-2627.  My electronic service address is: dgabrielson@fmglaw.com.

 On May 29, 2025, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of FREEMAN MATHIS & GARY, LLP and addressed as shown on the attached service list, for collection and delivery by FEDEX to receive said documents, with delivery fees provided for.  I am readily familiar with the practices of FREEMAN MATHIS & GARY, LLP for collection and processing of documents for overnight delivery and said envelope(s) will be deposited for receipt by FEDEX on said date in the ordinary course of business.

☐ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ **(BY FACSIMILE)** By transmitting a true copy of the foregoing document(s) via facsimile transmission from this Firm's sending facsimile machine, whose telephone number is (213) 580-7100, to each interested party at the facsimile machine telephone number(s) set forth above.  Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this Firm's sending facsimile machine.  Each such transmission was reported as complete and without error and a transmission report was properly issued by this Firm's sending facsimile machine for each interested party served.  A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

☒ **(BY-E-MAIL)** I caused a copy of the document(s) to be sent from e-mail address alessandra.cruz@fmglaw.com to the person(s) at the email address(es) listed in the attached Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 Executed on May 29, 2025, at Los Angeles, California.

ALESSANDRA CRUZ
Type or Print Name        Signature

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL**

**SERVICE LIST**

*Re:*     *Mitra Mirage v. Costco Wholesale Corporation*
          *Los Angeles County Superior Court, Case No. 25PSCV00834*

| | |
|---|---|
| Phillip P. DeLuca, Esq.<br>LAW OFFICE OF PHILIP P. DeLUCA<br>5820 East Naples Plaza<br>Belmont Shore, California 90803<br><br>Tel.: 562-987-1300<br>Facsimile: 562-987-1310<br><br>Email: pilippdeluca@gmail.com | *Attorneys For Plaintiff,*<br>**MITRA MIRAGE** |
| | |

Freeman Mathis
& Gary, LLP
Attorneys at Law

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]; AND DEMAND FOR JURY TRIAL