UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04856-AH-(SKx)          Date  July 31, 2025

Title  *Mitra Mirage v. Costco Wholesale Corporation et al.*

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 12)

Before the Court is Plaintiff Mitra Mirage's ("Plaintiff") Motion to Remand. Defendant Costco Wholesale Corporation ("Defendant") opposes. Opp'n, Dkt. No. 13. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court DENIES Plaintiff's Motion.

I.   **BACKGROUND**

On March 10, 2025, Plaintiff filed a suit against Defendant in the Los Angeles County Superior Court for premises liability and negligence based on a slip and fall incident that took place at the Defendant's warehouse located in San Dimas, California. *See generally* Compl., Dkt. No. 1-1. Plaintiff slipped and fell on a slippery, wet, and sticky substance she encountered. *Id.* at 7.

On May 29, 2025, Defendant removed this case to federal court, asserting diversity jurisdiction. Notice of Removal, Dkt. No. 1. Plaintiff has now filed this Motion to Remand. Mot. to Remand, Dkt. No. 12.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). When federal subject matter jurisdiction is based on diversity of citizenship, "complete diversity of citizenship" must exist between the opposing parties, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (cleaned up).

A corporation is a citizen of the state in which it is incorporated and the one in which its principal place of business is located. 28 U.S.C. § 1332(c). Its "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which is known as its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (cleaned up).

## III.   DISCUSSION

Here, the Parties do not dispute the amount in controversy. Rather, Plaintiff purports to dispute the diversity of citizenship here.

However, Plaintiff admits in the Motion that Defendant is "incorporated in and [has] its principal place of business in Washington[.]" Mot. to Remand at 3. Plaintiff is a California resident. *Id.* Defendant is headquartered and maintains its principal place of business at 999 Lake Drive, Issaquah, Washington. Ex. 3 at 23, Dkt. No 6.[1] Accordingly, Defendant is a citizen of Washington and Plaintiff is a citizen of California, leading to a complete diversity of citizenship.

---

[1] The Court takes judicial notice of Defendant's Articles of Incorporation pursuant to Federal Rule of Evidence 201. *See, e.g., Magee v. Gen. Motors LLC*, 2023 WL 7927745, at *4 n.1 (C.D. Cal. Nov. 15, 2023).

Plaintiff attempts to argue that California state court is better positioned to handle this case because the lawsuit involves only California state law claims. Mot. to Remand at 4. Plaintiff then attempts to argue that Defendant is a citizen of California because of the "minimum contacts" test used to determine personal jurisdiction, *id.* at 4–5, and articulated in *International Shoe*. *See generally Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310 (1945). However, this analysis is used to determine whether the Court has personal jurisdiction; it is not the standard used to assess the citizenship of parties for purposes of diversity jurisdiction.

Finally, the Court notes that in the Motion and Reply, Plaintiff cites to a case purported to be *Martinez v. Ford Motor Co.* Mot. to Remand at 3, 5; Reply at 2, Dkt. No. 14. The Court was unable to find these cases. To the extent that Plaintiff has relied on artificial intelligence, Plaintiff has not complied with this Court's Standing Order, which requires a party who uses artificial intelligence to generate any portion of a brief to attach a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified the content is accurate and complies with the filer's Rule 11 obligations. *See* Standing Order at 7, Dkt. No. 11. Plaintiff is admonished that any future citations to authority that do not appear to exist will result in the Court setting an order to show cause re why sanctions should not be imposed.

The Court finds that it has jurisdiction over this case.[2]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**

---

[2] Defendant also filed two objections to Exhibits cited in Plaintiff's Motion. Opp'n at 8. Because the Court does not rely on the Exhibits in deciding this Motion, the Court declines to rule on these objections.